UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **JAMES MICHAEL WATSON** | **03-13355** |
| DEBTOR | CHAPTER 7 |
| **SECURITY RESOURCES, L.L.C.** **and INTERFACE SECURITY** **SYSTEMS, L.L.C.** | ADV. NO. **04-1006** |
| PLAINTIFFS | |
| V. | |
| **JAMES MICHAEL WATSON,** **JENNIFER LEDOUX WATSON** **and PREFERRED SOUND SECURITY** **AND SURVEILLANCE, L.L.C.** | |
| DEFENDANTS | |

## MEMORANDUM OPINION

Debtor/defendant James Michael Watson, and defendants Jennifer Ledoux Watson and Preferred Sound Security and Surveillance, L.L.C., moved to dismiss the Complaint to Avoid Fraudulent Conveyances filed by plaintiffs Security Resources, L.L.C. ("Security") and Interface Security Systems, L.L.C. ("Interface"). The defendants argue that the plaintiffs lack standing to sue. At a hearing on that motion and the trustee's Motion to Intervene as Party Plaintiff, or in the Alternative, to Substitute as Party Plaintiff, the Court denied the motion to dismiss and granted the trustee leave to intervene. The debtor filed a timely Motion for Rehearing of Motion to Dismiss, and

upon reconsideration, the Court will grant the Motion to Dismiss, mooting the trustee's motion to intervene or substitute as plaintiff.

Security and Interface sued under 11 U.S.C. §548(a)(1). That portion of the Bankruptcy Code allows the *trustee* to avoid a fraudulent transfer of an interest of the debtor in property that occurred on or within one year before the date of filing of the debtor's petition. They also urged claims under the Louisiana revocatory action, by operation of 11 U.S.C. §544, which permits a *trustee* to assert state law claims available to a creditor of the debtor.

"As a general rule, the avoidance power set out in . . . the Bankruptcy Code may only be exercised by the trustee or the debtor-in-possession." *In re Boerne Hills Leasing Corp.*, 15 F.3d 57, 59 (5th Cir. 1994), citing *In re Pointer*, 952 F.2d 82, 88 (5th Cir. 1992). A creditor may be allowed to bring an avoidance action in some circumstances,[1] "but *only after* moving the bankruptcy court for authorization to act on behalf of the trustee or debtor-in-possession." *Boerne Hills*, 15 F.3d at 59 (emphasis added). *See also In re Natchez Corp.*, 953 F.2d 184, 187 (5th Cir. 1992); *Pointer*, 952 F.2d at 88.

Security and Interface did not obtain Court approval, or the consent or approval of the trustee, before filing their complaint. Moreover, in its prior ruling the Court on its own motion considered the effect of Fed. R. Bankr P. 7017(a) (adopting Fed. R. Civ. P. 17(a)) on the lawsuit, in view of the possible effect of the state law prescriptive period upon the action and the trustee's intervention/substitution motion.

---

[1] In *Pointer*, the Fifth Circuit reviewed cases in which the courts considered allowing a creditor to file an avoidance action. These included "particularly extraordinary circumstances," *In re V. Savino Oil & Heating Co.*, 91 B.R. 655, 656-7 (Bankr. E.D.N.Y. 1988), or "appropriate circumstances," *In re Chernicky Coal Co., Inc.*, 67 B.R. 828, 832 (Bankr. W.D. Pa. 1986), such as in a chapter 11 case where there was no trustee, or the trustee or debtor-in-possession declined or lacked the motivation to bring an avoidance claim. Nonetheless, the *Pointer* court ultimately concluded that *prior* court approval is necessary even if the creditor proves "appropriate circumstances" exist. *Pointer*, 952 F.2d at 89.

The last sentence of Rule 7017(a) provides as follows:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

By allowing a party substitution to relate back to the date the action was commenced, this provision furthers the policy of the federal rules that an error in the choice of party at the pleading stage should not be made at the risk of later dismissal, especially when there is a concern over a limitations period. *In re Dygert*, 232 B.R. 155, 158 (Bankr. D. Minn. 1999), citing 6A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE §1555 at 413-14 (2d ed. 1990). The Court granted the trustee's motion to intervene or substitute to avoid forfeiture of the claim brought by Security and Interface.[2] However, the Court incorrectly applied Rule 7017(a) to the facts.

The quoted portion of Rule 7017(a) is "applicable only when the plaintiff brought the action in [their] own name *as the result of an understandable mistake, because the determination of the correct party to bring the action [was] difficult*." *Weiburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (emphasis added.). When determining the proper party plaintiff is not difficult, and the mistake in doing so is not understandable, then the last sentence of Rule 7017(a) does not apply and the action

---

[2] Actually, the Court granted the trustee's motion to *intervene* and not substitute as party plaintiff, which was not the appropriate remedy because intervention under Fed. R. Bankr. P. 9024 (adopting Fed. R. Civ. P. 24) is not the proper device to cure a situation where a plaintiff brings an action it may lack standing to litigate. *Dygert*, 232 B.R. at 157. However, the intervention order is not final and in fact will be mooted by this ruling.

3

should be dismissed.  6A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE §1555 (2d ed. 1990).

Security and Interface should have concluded that the trustee was the proper party to pursue the avoidance action.  The sections of the Bankruptcy Code under which the complaint is brought, 11 U.S.C. §§544 and 548, plainly state that those actions are to be brought by the trustee.  The weight of the jurisprudence holds that the trustee is the only proper party to initiate and prosecute an avoidance action.  In light of this, Security and Interface offer no support for the conclusion that their decision to file the lawsuit was an understandable mistake.

Security and Interface argue by way of excuse for their omission that they rushed to file the complaint in order to preserve a claim for the estate that seemed on the verge of prescription.[3]  Plaintiffs contend that they first learned of the allegedly fraudulent transfers at a state court hearing on February 21, 2003.  Even assuming that this is true, under state law Security and Interface had until February 21, 2004 to file a complaint in this Court.  Plaintiffs filed the complaint on January 30, 2004, a little over three weeks before the expiration of the prescriptive period, and more than three months after Watson filed bankruptcy and the chapter 7 trustee was appointed. These facts belie the plaintiffs' contention that they lacked sufficient time to determine the proper plaintiff before suing the defendants.

---

[3]  Louisiana Civil Code art. 2041 states that a revocatory action "must be brought within one year from the time [the obligee] learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result."  Although plaintiffs maintain that they were safeguarding the estate's interest in the claims, they did not show that they had any contact with the trustee to determine whether she would bring the claims on behalf of the estate.

The party filing an action has the burden of showing that the real party in interest was difficult to determine, or that it made an understandable mistake in determining the proper plaintiff. *Feist v. Consolidated Freightways Corp.*, 100 F. Supp. 2d 273, 276 (E. D. Pa. 1999). Security and Interface have not carried that burden. Accordingly, Rule 7017(a) does not allow the trustee to substitute as the proper party plaintiff.

To summarize, as mere creditors, Security and Interface did not have standing to file their complaint pursuant to Bankruptcy Code §§544 and 548. They also failed to present their "special circumstances" to the Court and obtain leave to act for the trustee before they sued. As a result, these creditors were not the proper parties plaintiff in this action. Nor have they shown that they had difficulty in determining that the trustee was the real party in interest, or that they made an understandable mistake in bringing this action in their names. Therefore, application of Rule 7017(a) to substitute the trustee as the proper party plaintiff cannot cure the real party in interest defect in this case.

Accordingly, the Court will dismiss the complaint for lack of standing. The dismissal will be without prejudice, so that if the trustee chooses not to pursue the claims in her own the complaint, Security and Interface may seek court approval to sue on behalf of the trustee.[4]  Additionally, the trustee's motion will be denied as moot.

Baton Rouge, Louisiana, September 29, 2004.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[4] The trustee has two years from the date the petition was filed to commence an action under 11 U.S.C. §§544 or 548.  11 U.S.C. §546(a).

5